McElroy, Deutsch, Mulvaney & Carpenter, LLP
3 Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711
*Attorneys for Plaintiff, Union Central Life Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNION CENTRAL LIFE INSURANCE COMPANY, | C.A. No. |
| Plaintiff, | |
| vs. | |
| HEATHER A. BERGER, RISE K. CROSS and CYNTHIA STEINMETZ, | |
| Defendants. | |

**CIVIL ACTION –COMPLAINT FOR INTERPLEADER AND OTHER RELIEF ON BEHALF OF UNION CENTRAL LIFE INSURANCE COMPANY**

Plaintiff, Union Central Life Insurance Company ("Union Central"), an insurance company maintaining its principal place of business at 1876 Waycross Road, Cincinnati, Ohio 45240, by way of complaint against Heather A. Berger, Rise K. Cross, and Cynthia Steinmetz, alleges and says as follows:

**THE PARTIES**

1.      Union Central is an insurance company organized under the laws of and maintaining its principal place of business in the state of Ohio.  Union Central is a citizen of the state of Ohio within the meaning and intent of 28 U.S.C. § 1332.

2.      At all relevant times, Wayne A. Cross, deceased ("Decedent") was a citizen of the

state of Connecticut within the meaning and intent of 28 U.S.C. §§ 1332 and 1335.  On August 18, 2000, when Decedent and Defendant Rise K. Cross ("Cross") entered into a marriage dissolution settlement agreement ("Settlement Agreement"), Decedent maintained a primary residence at 15 Ferncliff Road, Cos Cob, Connecticut.  At some date subsequent, Decedent maintained a primary residence at 40 Locust Road, Greenwich, Connecticut 06831 until his death.

3.      Defendant Heather A. Berger ("Berger"), daughter of Decedent and Cross, maintains a primary residence and domicile located at 173 Riverside Drive, New York, New York 10024, and is a citizen of the state of New York within the meaning and intent of 28 U.S.C. §§ 1332 and 1335.

4.      Cross, Decedent's former spouse, maintains a primary residence and domicile located at 173 Riverside Drive, New York, New York 10024, and is a citizen of the state of New York within the meaning and intent of 28 U.S.C. §§ 1332 and 1335.

5.      Defendant Cynthia A. Steinmetz ("Steinmetz"), Decedent's widow, maintains a primary residence and domicile located at 40 Locust Road, Greenwich, Connecticut 06831, and is a citizen of the state of Connecticut within the meaning and intent of 28 U.S.C. §§ 1332 and 1335.

## JURISDICTION AND VENUE

6.      Jurisdiction is based upon 28 U.S.C. § 1332, in that this is an action for leave to deposit money with the Court, where the amount in controversy exceeds $75,000.00 and that Union Central and Defendants are citizens of different states.

7.      Additionally, jurisdiction is based upon 28 U.S.C. § 1335, in that this is an action for interpleader relief where the amount at issue exceeds $500.00 and two or more claimants of diverse citizenship are claiming or may claim to be entitled to the benefits at issue.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1397 as one or more of the potential claimants resides in this District.

## FIRST COUNT

9.     At all times relevant, Union Central was and is in the business of underwriting policies of life insurance and is authorized to transact the business of insurance within the state of New York.

10.     On September 2, 2000, Union Central issued a policy of life insurance bearing policy number T000018940 (the "Subject Policy"), insuring the life of decedent, which contained a death benefit amount of $700,000.00 at the time of the Decedent's death (the "Death Benefit") and a policy of life insurance bearing policy number T000018942, insuring the life of decedent, which contained a death benefit amount of $1,000,000.00 at the time of the Decedent's death.

11.     Cross and Decedent were married on September 8, 1968 in Huntington, NY and entered into the Settlement Agreement on August 18, 2000.

12.     Pursuant to the Settlement Agreement, Decedent was to maintain $2,200,000.00 in life insurance on his life for the irrevocable benefit of Cross until the age of sixty-two (62) and, thereafter, for the irrevocable benefit of Berger until Decedent reached the age of sixty-two (62).  Further, the Settlement Agreement provided that, after the age of sixty-two (62), Decedent was to maintain $1,000,000.00 in life insurance on his life for the irrevocable benefit of Cross until the sooner to occur of Cross's death or the Decedent reaching the age of (75) and thereafter, for the irrevocable benefit of Berger until the Decedent reached the age of seventy-five (75).

13.     Subsequent to execution of the Settlement Agreement, Decedent married Steinmetz.

14.     On October 31, 2000, Decedent executed a beneficiary change form naming Cross as irrevocable primary beneficiary and Berger as irrevocable contingent beneficiary under the Subject Policy and policy number T1000018942.

15.     On October 3, 2007, at the age of sixty-two (62), Decedent executed a beneficiary designation change form naming Steinmetz as beneficiary under the Subject Policy.

16.     On information and belief, pursuant to the Settlement Agreement, Cross was only entitled to receipt of death benefits in the amount of $1,000,000.00 upon Decedent's death.

17.     Decedent died on August 25, 2010 in New York, New York.

18.     Following the death of Decedent, Cross filed a Notice of Claim seeking $1,000,000.00 in death benefits under policy number T000018942.

19.     On October 1, 2010, Union Central paid $1,000,0000.00 to Cross in full satisfaction of its obligations under policy number T000018942.

20.     On information and belief, Cross alleges an entitlement to receipt of the Death Benefit under the Subject Policy on the basis that the beneficiary designation change form dated October 3, 2007 is defective.

21.     On information and belief, Cross does not allege an entitlement to receipt of the Death Benefit pursuant to the terms of the Settlement Agreement.

22.     On or about September 7, 2010, Steinmetz filed a notice of claim seeking the Death Benefit under the Subject Policy.

23.     Union Central is unable to determine the validity of the potential conflicting claims for the payment of the Death Benefit arising under the Subject Policy. Union Central asserts no claim to or interest in the Death Benefit arising under the Subject Policy except to the extent that payment of the proceeds discharges any and all obligations Union Central will owe to

any party arising out the Decedent's death and the Death Benefit payable as a consequence thereof under the Subject Policy.

24.     Union Central seeks, by way of this interpleader complaint, certainty regarding the parties' respective rights to the Death Benefit and its obligations under the Subject Policy.

25.     Based upon the foregoing, there is presently an actual, justiciable controversy as to the Death Benefit, and Union Central, as a disinterested stakeholder, is entitled to the relief requested herein.

26.     Union Central is unsure of the proper and lawful beneficiary of the Death Benefit given the potential conflicting claims created by the beneficiary designations and the Settlement Agreement.  Union Central fears that the payment of the Death Benefit to any one claimant will subject it to additional liability to other claimants who may file claims seeking payment of the Death Benefit to the exclusion of all other claimants.

27.     As a mere stakeholder initiating this interpleader action, Union Central is entitled to recover its reasonable attorneys' fees, costs of court, and expenses incurred as a result of these proceedings, and Union Central seeks recovery for such fees, costs and expenses in this action.

**WHEREFORE**, Union Central demands judgment against Defendants, and each of them, for the following relief:

(1)     An order granting Union Central's request for interpleader relief;

(2)     An order declaring and adjudging the lawful and proper beneficiary or beneficiaries of the Death Benefit payable under the Subject Policy on account of the death of the Decedent;

(3)     An order compelling each of the Defendants to adjudge, settle and/or litigate among each other their respective and lawful entitlement to the Death Benefit payable under the Subject Policy on account of the death of the Decedent;

(4)     An order awarding Union Central its attorneys' fees and costs, to be paid from the Death Benefit, and permitting and directing Union Central to make payment of the Death Benefit to the Registry of the Court to be deposited into an interest bearing account until further order of the Court;

(5)     An order declaring and adjudging that upon Union Central's payment of the Death Benefit to the Registry of the Court, Union Central shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of the parties hereto and any other claimant to the Subject Policy benefits;

(6)     An order permanently restraining and enjoining the parties hereto from instituting and/or prosecuting any other suit, cause of action or civil proceeding in any state, federal or other court of competent jurisdiction against Union Central seeking the Subject Policy benefits or asserting claims arising under the Subject Policy as a consequence of the death of the Decedent; and

(7)     An order releasing and discharging Union Central, its employees, agents, representatives, predecessors and successors in interest, parents, subsidiaries, and assigns from and against any and all liability, suits, debts, judgments, dues, sums, and/or causes of action whether at law or in equity, to any person, entity, claimant, party to this action or otherwise for any and all claims arising under or pursuant to the Policy as a consequence of the death of the Decedent.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for Plaintiff
Union Central Life Insurance Company


        /s/ Steve P. Del Mauro
        By:     STEVEN P. DEL MAURO

Dated:      November 8, 2010
1506951_3

- 6 -